

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
SEP 25 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

| | | |
|---|---|---|
| BENJAMIN E. WALTMAN, Individually and As Parent and Natural Guardian of ETHAN WALTMAN, a Minor, and in his own right, | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | NO. 07 40__ |
| COSCO, INC. a Dorel Company, and DOREL JUVENILE GROUP, INC., | : | |
| Defendants. | : | |
| | | |
| BENJAMIN E. WALTMAN, Individually and As Parent and Natural Guardian of ETHAN WALTMAN, a Minor, and in his own right, | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff, | : | AUGUST TERM, 2007 |
| vs. | : | NO. 2959 |
| COSCO, INC. a Dorel Company, and DOREL JUVENILE GROUP, INC., | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

**TO THE CLERK OF COURT:**

Kindly file the attached Notice of Defendant, Dorel Juvenile Group, Inc., of Removal to the United States District Court for the Eastern District of Pennsylvania of record in the above-referenced matter.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____
Thomas Bracaglia, Esquire
Attorney ID #32330



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN E. WALTMAN, Individually and As Parent and Natural Guardian of ETHAN WALTMAN, a Minor, and in his own right,<br><br>Plaintiff,<br><br>vs.<br><br>COSCO, INC. a Dorel Company, and DOREL JUVENILE GROUP, INC.,<br><br>Defendants. | CIVIL ACTION<br><br>NO. _____<br><br>Case No. Below:<br>Penn. Ct. of Common Pleas<br>August Term, Case No. 2959 |

## NOTICE OF REMOVAL and STATEMENT ON CASE ASSIGNMENT

**TO:** The Honorable Judges of the United States District Court for the Eastern District of Pennsylvania:

Defendant, Dorel Juvenile Group, Inc. ("DJG") by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby removes the above-captioned case to this Honorable Court and provides notice of same to counsel representing the plaintiff. In support of the removal, DJG avers as follows:

1. On or about August 27, 2007, a Civil Action Complaint was filed by plaintiff, Benjamin Waltman, against defendants DJG and the former Cosco, Inc. in the Court of Common Pleas, Philadelphia County, August Term, 2007, No. 2959. A true and correct copy of plaintiff's Summons and Complaint is attached hereto and marked as Exhibit "A."

2. Defendant DJG is incorporated in the State of Massachusetts, with its principal place of business in Columbus, Indiana. DJG is therefore a both citizen of Massachusetts and Indiana for jurisdictional purposes.

3. Improperly-named defendant Cosco, Inc. was a corporate predecessor of DJG. In 2001, the former Cosco, Inc., a citizen of Indiana in all respects, was merged into the former Safety 1st, Inc., with the resulting corporation renamed Dorel Juvenile Group, Inc., the removing defendant hereto. Thus, improperly-named defendant "Cosco, Inc." no longer exists. To the extent it does exist for removal purposes, the consent of its corporate successor, DJG, to this removal is attached hereto as Exhibit "B."

4. DJG was served with a copy of plaintiff's Complaint on September 4, 2007. *See* Exhibit "A." Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days after service, and within 1 year after institution of the underlying action.

5. Plaintiff alleges in his Complaint that he resides in Lancaster, Pennsylvania. DJG, therefore, avers that plaintiff, at the time he commenced this action, was and is a citizen of the State of Pennsylvania.

6. As required by 28 U.S.C. § 1332(a)(1), no defendant is a resident of the same state as the plaintiff. Accordingly, there is diversity of citizenship between the parties.

7. In his Complaint, Plaintiff alleges that on March 4, 2006, Ethan Waltman was riding in a 1997 Dodge Caravan, seated in a Grand Explorer booster seat manufactured by the defendants, on Marietta Avenue in Lancaster, Pennsylvania, when that Caravan veered off the road, and hit a mailbox and tree head-on.

8. Furthermore, the damages demanded demonstrate that the Complaint on its face seeks compensation for injuries fairly valued in excess of $75,000.00 for each plaintiff.

(a) The Complaint demands, at a minimum, damages in excess of $50,000 on three separate product liability counts, for a total minimum demand of $150,000.00 for each plaintiff (Exhibit A).

(b) Furthermore, a reasonable reading of the claims advanced in the Complaint indicates that the various categories of damages set forth certainly could total more than $75,000.00 for each plaintiff. *See Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006).

(i) Plaintiff claims to have suffered "catastrophic injuries." (Compl. ¶ 11). Specifically, Benjamin Waltman seeks past and future medical expenses for the "permanent spinal cord injury and anoxic brain injury" suffered by his son, Ethan Waltman. (*Id.* ¶ 30).

(ii) On behalf of Ethan Benjamin further seeks damages for "future medical expenses, life care expenses, impairment of future earning capacity, past pain and suffering, mental anguish and enjoyment of life, and future pain and suffering, and loss of enjoyment of life." (*Id.* ¶ 65).

(iii) It is well established that allegations of permanent physical damage, disability, the need for ongoing medical care, loss of enjoyment of life, the impairment of future earning capacity, and especially pain and suffering, render legally certain the likelihood that plaintiff could recover compensatory damages in excess of $75,000.00. *Bailey v. J.B. Hunt Transport, Inc.*, No. 06-240, 2007 WL 764286, at *5 (E.D. Pa. March 8, 2007) (Pratter, D.J.) (unpublished opinion); *Riley v. Avon Prods.*, No. 3:07-CV-0887, 2007 WL 2458546, at *1 (M.D. Pa. Aug. 24, 2007) (Caputo, D.J.) (unpublished opinion); *Ciagcaglione v. Sutherlin*, No. A.04-CV-2249, 2004 WL 2040342, at *3 (E.D. Pa. Sept. 13, 2004) (Surrick, D.J.) (unpublished opinion). *See also Nelson v. Keefer*, 451 F.2d 289, 294 (3d Cir. 1971) (recognizing that "in personal injuries litigation the intangible factor of 'pain, suffering, and inconvenience' constitutes the largest single item of recovery, exceeding by far the out of pocket 'specials' of medical expenses and loss of wages"); *Luckett v. Delta*, 171 F.3d 295, 298 (5th Cir. 1999).

(c) The value of plaintiff's punitive damages demand also figures into the valuation of plaintiff's claims for jurisdictional purposes. *Bell v. Preferred Life Assur. Society*, 320 U.S. 238, 240 (1943). Here, plaintiff claims that defendants engaged in egregious conduct

meriting a "substantial punitive damages" award. (Compl. ¶ 48).[1] Punitive damages are available in Pennsylvania for product liability claims, if egregious conduct is shown. *Martin v. Johns-Manville Corp.*, 494 A.2d 1088 (Pa. 1985). Even at the 1:1 ratio of compensatory to punitive damages permitted by *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), a punitive damage award comparable to the value of the injuries set forth above would by itself reasonably be expected to exceed $75,000.00.

9. Based upon the foregoing, the undersigned counsel for DJG certifies that the potential value of the claims asserted exceeds $75,000.00, exclusive of interest and costs.

10. Therefore, this Honorable Court has subject matter jurisdiction over this civil action under 28 U.S.C. § 1332, in that diversity of citizenship exists within the meaning of the aforementioned statute and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, thereby entitling the defendant to remove this action to the Federal Court sitting in the Eastern District of Pennsylvania. *See* 28 U.S.C. §§ 118(a), 1441(a). In the event the Court finds the showing herein to be insufficient, DJG respectfully requests the opportunity to cure any such defect, including the submission of appropriate jurisdictional discovery, before any adverse ruling is made.

11. Written notice of the filing of this Petition for Removal will be given to all adverse parties, and filed with the Court of Common Pleas, Philadelphia County, Pennsylvania, in accordance with 28 U.S.C. §1446(d), promptly after the filing of the instant pleading in this Honorable Court.

12. Copies of all process, pleadings and orders served upon DJG are attached hereto as Exhibit "A," in accordance with 28 U.S.C. §1446(a).

### Statement on Case Assignment

13. At the time the underlying action was filed, Plaintiff resided in Columbia, Lancaster County, Pennsylvania. (Compl. ¶ 1). Neither named defendant is a resident of Philadelphia County. Furthermore, the motor vehicle accident giving rise to the alleged injuries and this lawsuit occurred in the City of Lancaster, Lancaster County, Pennsylvania.

14. Accordingly, pursuant to E.D. Pa. LR 40.1(b), this action is properly assigned to a Judge stationed in Reading, Allentown, or Easton.

---

[1] DJG, of course, denies that it has done anything wrong whatsoever, and anticipates its vindication at trial. The Court's analysis at this stage, however, focuses on the allegations made by plaintiff in his Complaint, however misguided they may be. *See Morgan* , 471 F.3d at 474 (3d Cir. 2006).

WHEREFORE, defendant, Dorel Juvenile Group, Inc., respectfully prays that the above-captioned action be removed from the Court of Common Pleas, Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, and assigned to a Judge stationed in Reading, Allentown, or Easton.

                      MARSHALL, DENNEHEY, WARNER,
                      COLEMAN & GOGGIN

By: _____
      Thomas Bracaglia, Esquire
      Attorney ID #32330

Attorney for Defendant
DOREL JUVENILE GROUP, INC.
1845 Walnut Street
Philadelphia, PA 19103
(215) 575-2676
tbracaglia@mdwcg.com

DATED: September 15, 2007

CH1\ 5208064.1

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : |
| | SS |
| COUNTY OF PENNSYLVANIA | : |

**FILED**
SEP 2 5 2007
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## AFFIDAVIT

THOMAS P. BRACAGLIA, being duly sworn to the law deposes and say that the facts set forth in the foregoing Notice of Removal are true and correct to the best of his knowledge, information and belief.

_____
THOMAS P. BRACAGLIA

SWORN TO AND SUBSCRIBED:

BEFORE ME THIS 25th DAY :

OF September, 2007 :

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Michelle A. Devlin, Notary Public
City Of Philadelphia, Philadelphia County
My Commission Expires July 5, 2009

Member, Pennsylvania Association of Notaries



# ATLEE, HALL
# & BROOKHART, LLP
ATTORNEYS AT LAW

William A. Atlee, Jr.
Thomas W. Hall
Dan M. Brookhart
Jaime D. Jackson
Edward R. Kennett
Mark C. Atlee
Robin A. Jabour
Erica L. Kirman-Boyer

August 31, 2007

*VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED*

Cosco, Inc.
2525 State Street
Columbus, IN 47201

SEP 0 4 2007

Re: Waltman v. Cosco, Inc., et al.
Philadelphia County CCP August 2007 Term, No. 002959

Dear Sir or Madam:

You have been sued in the Court of Common Pleas of Philadelphia County, Pennsylvania, by Plaintiff, Benjamin E. Waltman.

Please find enclosed for service upon you the Complaint in this matter. You should take this document to your attorney at once.

Very truly yours,

ATLEE, HALL & BROOKHART, L.L.P.

By: William A. Atlee, Jr.

WAA/kam
Enclosure

\\Ahbsql\ProLaw\documents\Waltman, Benjamin Eric\06-218\64914.doc

Mailing Address: PO Box 449 • Lancaster, PA 17608-0449 • www.atleehall.com
Lancaster Office: Eight North Queen Street • Lancaster, PA 17603 • 717.393.9596 • 800.924.2309 • fax 717.393.2138
Philadelphia Office: 1500 Market Street • 12th Floor, East Tower • Philadelphia, PA 19102 • 215.665.5759 • fax 215.569.8228

# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**AUGUST 2007    002959**

| | |
|---|---|
| **PLAINTIFF'S NAME** Benjamin E. Waltman, Individually & as Parent & Natural Guradian of Ethan Waltman, a Minor | **DEFENDANT'S NAME** Cosco, Inc., A Corel Company |
| **PLAINTIFF'S ADDRESS** 4426 Marietta Avenue, Apt. D Lancaster, PA 17512 | **DEFENDANT'S ADDRESS** 2525 State Street Columbus, IN 47201 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** Dorel Juvenile Group, Inc. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** 2525 State Street Columbus, IN 47201 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

*JURY FEE PAID    COPY*

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
- [ ] $50,000.00 or less
- [X] More than $50,000.00

**COURT PROGRAMS**
- [ ] Arbitration
- [X] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

**CASE TYPE AND CODE (SEE INSTRUCTIONS)**
2V-Motor Vehicle Accident; 2P-Product Liability

**STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)**
Section 402A Restatement (Second) Torts

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**
N/A

*JURY FEE PAID*

**IS CASE SUBJECT TO COORDINATION ORDER?** Yes / No

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| | |
|---|---|
| **NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY** Jaime D. Jackson, Esquire | **ADDRESS (SEE INSTRUCTIONS)** Atlee Hall & Brookhart, LLP 8 N. Queen St., P O Box 449 Lancaster, PA 17608-0449 |
| **PHONE NUMBER** 717-393-9596 | **FAX NUMBER** 717-393-2138 |
| **SUPREME COURT IDENTIFICATION NO.** 80448 | **E-MAIL ADDRESS** jdjackson@atleehall.com |
| **SIGNATURE** | **DATE** 8/22/07 |

01-101 (Rev. 2/00)