## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| BENJAMIN E. WALTMAN, Individually and | : | CIVIL ACTION |
| As Parent and Natural Guardian of ETHAN | : | |
| WALTMAN, a Minor, and in his own right, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | NO.  07-4029 |
| COSCO, INC. a Dorel Company, and | : | |
| DOREL JUVENILE GROUP, INC., | : | |
| | : | |
| Defendants. | : | |

_____

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Cosco, Inc. and Dorel Juvenile Group, Inc. ("DJG"), answer and respond to the allegations of Plaintiff's Complaint as follows:

1.      Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2.      Defendants admit that defendant Dorel Juvenile Group, Inc. is the successor by merger to Cosco, Inc., that Cosco, Inc. no longer exists, and that DJG's principal place of business is in Columbus, Indiana.  Defendants deny the remaining allegations of Paragraph 2.

3.      Defendants lack knowledge sufficient to form a belief as to the truth of the allegations pertaining to the sale, distribution, or use of the subject booster seat.  Defendants deny the remaining allegations of Paragraph 3.

## SUMMARY OF CAUSES OF ACTION

4.      DJG does design, manufacture, assemble, advertise, and distribute booster seats in interstate commerce.  Defendants deny the remaining allegations of Paragraph 4.

5.      Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6.      Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 6.

7.      Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8.      Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9.      Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10.      Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11.      Defendants deny the allegations of Paragraph 11.

12.      Defendants deny the allegations of Paragraph 12.

13.      Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14.      Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15.     Defendants admit that they have described the Grand Explorer as a "child restraint device," among other things.   The Grand Explorer can be used as a type of shield booster. Defendants deny the remaining allegations of Paragraph 15.

16.     Defendants deny the allegations of Paragraph 16, including all subparts.

17.     Defendants deny the allegations of Paragraph 17.

18.     Defendants deny the allegations of Paragraph 18.

19.     Defendants deny the allegations of Paragraph 19.

20.     Defendants deny the allegations of Paragraph 20, including all subparts.

21.     Defendants deny the allegations of Paragraph 21.

22.     Defendants admit that they distributed the Grand Explorer booster seat before March 4, 2006, but deny the remaining allegations of Paragraph 22.

23.     Defendants deny the allegations of Paragraph 23, including all subparts.

24.     Defendants deny the allegations of Paragraph 24.

25.     Defendants admit that they received the September 14, 1999 letter from Dr. Martinez, state that the contents of that letter speak for themselves, and denies the remaining allegations of Paragraph 25.

26.     Defendants admit the allegations of Paragraph 26.

27.     Defendants deny the allegations of Paragraph 27.

28.     Defendants deny the allegations of Paragraph 28.

29.     Defendants deny the allegations of Paragraph 29.

30.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31.     Defendants deny the allegations of Paragraph 31.

32.     Defendants deny the allegations of Paragraph 32.

33.     Defendants deny the allegations of Paragraph 33.

34.     Defendants deny the allegations of Paragraph 34.

35.     Defendants deny the allegations of Paragraph 35.

36.     Defendants deny the allegations of Paragraph 36.

37.     Defendants deny the allegations of Paragraph 37.

38.     Defendants deny the allegations of Paragraph 38.

39.     Defendants deny the allegations of Paragraph 39.

40.     Defendants deny the allegations of Paragraph 40.

41.     Defendants deny the allegations of Paragraph 41.

42.     Defendants deny the allegations of Paragraph 42.

43.     Defendants deny the allegations of Paragraph 43.

44.     Defendants deny the allegations of Paragraph 44.

45.     Defendants deny the allegations of Paragraph 45.

46.     Defendants deny the allegations of Paragraph 46.

47.     Defendants deny the allegations of Paragraph 47.

48.     Defendants deny the allegations of Paragraph 48.

49.     Defendants deny the allegations of Paragraph 49.

50.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations
of Paragraph 50.

51.     Defendants deny the allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52.

53.     Defendants admit that they, at different times, have designed, developed, manufactured, inspected, tested, marketed, advertised, approved, promoted, packaged, distributed, supplied, and sold the Grand Explorer, but deny the remaining allegations of Paragraph 53.

54.     Defendants deny the allegations of Paragraph 54.

55.     Defendants deny the allegations of Paragraph 55.

56.     Defendants deny the allegations of Paragraph 56.

57.     Defendants deny the allegations of Paragraph 57.

58.     Defendants deny the allegations of Paragraph 58.

59.     Defendants deny the allegations of Paragraph 59.

60.     Defendants deny the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61.

62.     Defendants deny the allegations of Paragraph 62.

63.     Defendants deny the allegations of Paragraph 63.

64.     Defendants lack knowledge sufficient to form a belief about any injuries Ethan Waltman may have suffered in the subject accident.  Defendants deny the remaining allegations of Paragraph 64.

65.     Defendants lack knowledge sufficient to form a belief about any injuries Ethan Waltman may have suffered in the subject accident.  Defendants deny the remaining allegations of Paragraph 65.

66.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 66.

67.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 67.

68.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 68.

WHEREFORE, Defendants Dorel Juvenile Group, Inc. and Cosco, Inc. ask that the Complaint be dismissed, that judgment be entered in their favor, and that they be awarded their costs.

## COUNT I

69.     Defendants incorporate by reference their responses to paragraphs 1 through  68 above as if fully set forth herein.

70.     Defendants admit that they, at various times, designed, engineered, tested, developed, manufactured, labeled, marketed, distributed, and sold the Grand Explorer, for use throughout the United States, but denies the remaining allegations of Paragraph 70.

71.     Defendants deny the allegations of Paragraph 71, including all subparts.

72.     Defendants deny the allegations of Paragraph 72.

73.     Defendants deny the allegations of Paragraph 73.

74.     Defendants deny the allegations of Paragraph 74.

75.     Defendants deny the allegations of Paragraph 75.

76.     Defendants deny the allegations of Paragraph 76.

77.     Defendants deny the allegations of Paragraph 77.

78.     Defendants deny the allegations of Paragraph 78.

79.     Defendants deny the allegations of Paragraph 79.

80.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 80 pertaining to any such medical expenses, and deny the remaining allegations of Paragraph 80.

81.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 81 pertaining to any such surgical procedures, and deny the remaining allegations of Paragraph 81.

82.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 82 with respect to any such loss of earning capacity, and deny the remaining allegations of Paragraph 82.

83.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 83 with respect to any such pain and suffering, scarring, disfigurement, embarrassment, humiliation or the loss of enjoyment of life's pleasures, and deny the remaining allegations of Paragraph 83.

84.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 84 with respect to any such future medical complications or catastrophic / permanent injury, and deny the remaining allegations of Paragraph 84.

WHEREFORE, Defendants Dorel Juvenile Group, Inc. and Cosco, Inc. ask that the Complaint be dismissed, that judgment be entered in their favor, and that they be awarded their costs.

## COUNT II

85.     Defendants incorporate by reference their responses paragraphs 1 through 84 as if fully set forth herein.

86.     Defendants state that the question of what duty they owed is a question of law for the Court.  Defendants deny the allegations of Paragraph 86 as stated.

87.     Defendants state that the question of what duty they owed is a question of law for the Court.  Defendants deny the allegations of Paragraph 87 as stated.

88.     Defendants deny the allegations of Paragraph 88.

89.     Defendants deny the allegations of Paragraph 89.

90.     Defendants deny the allegations of Paragraph 90.

91.     Defendants state that the question of what duty they owed is a question of law for the Court.  Defendants deny the allegations of Paragraph 91 as stated.

92.     Defendants deny the allegations of Paragraph 92, including all subparts.

93.     Defendants deny the allegations of Paragraph 93.

94.     Defendants deny the allegations of Paragraph 94.

95.     Defendants deny the allegations of Paragraph 95.

96.     Defendants admit that they expect the Grand Explorer to reach the consumer without a substantial change in condition.  Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 96.

97.     Defendants deny the allegations of Paragraph 97.

98.     Defendants deny the allegations of Paragraph 98.

99.     Defendants deny the allegations of Paragraph 99.

100.    Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 100 pertaining to any such medical expenses, and deny the remaining allegations of Paragraph 100.

101.    Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 101 pertaining to any such surgical procedures, and deny the remaining allegations of Paragraph 101.

102.    Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 102 with respect to any such loss of earning capacity, and deny the remaining allegations of Paragraph 102.

103.    Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 103 with respect to any such pain and suffering, scarring, disfigurement, embarrassment, humiliation or the loss of enjoyment of life's pleasures, and deny the remaining allegations of Paragraph 103.

104.    Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 10with respect to any such future medical complications or catastrophic / permanent injury, and deny the remaining allegations of Paragraph 104.

WHEREFORE, Defendants Dorel Juvenile Group, Inc. and Cosco, Inc. ask that the Complaint be dismissed, that judgment be entered in their favor, and that they be awarded their costs.

## <u>COUNT III</u>

105.    Defendants incorporate by reference their responses to paragraphs 1 through 104 as if fully set forth herein.

106.    Defendants deny the allegations of Paragraph 106.

107.    Defendants deny the allegations of Paragraph 107.

108.    Defendants deny the allegations of Paragraph 108.

109.    Defendants deny the allegations of Paragraph 109.

110.    Defendants deny the allegations of Paragraph 110.

111.    Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 111 pertaining to any such medical expenses, and deny the remaining allegations of Paragraph 111.

112.    Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 112 pertaining to any such surgical procedures, and deny the remaining allegations of Paragraph 112.

113.   Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 113 with respect to any such loss of earning capacity, and deny the remaining allegations of Paragraph 113.

114.   Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 114 with respect to any such pain and suffering, scarring, disfigurement, embarrassment, humiliation or the loss of enjoyment of life's pleasures, and deny the remaining allegations of Paragraph 114.

115.   Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 115 with respect to any such future medical complications or catastrophic / permanent injury, and deny the remaining allegations of Paragraph 115.

WHEREFORE, Defendants Dorel Juvenile Group, Inc. and Cosco, Inc. ask that the Complaint be dismissed, that judgment be entered in their favor, and that they be awarded their costs.

## LIMITED GENERAL DENIAL

Defendants deny all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Any recovery by Plaintiffs may be barred or reduced by Plaintiffs' own negligence, fault or carelessness.

### SECOND DEFENSE

Any recovery by Plaintiffs may be barred or reduced by the negligence, fault or carelessness of others for whose conduct Defendants are not responsible.

**THIRD DEFENSE**

Any recovery by Plaintiffs may be barred or reduced by misuse of the product and/or failure to read or heed the warnings and instructions accompanying the product by Plaintiffs or other persons over whom Defendants had no control.

**FOURTH DEFENSE**

Defendants complied with all applicable statutes and regulations existing at the time of manufacture that prescribed standards for design, inspection, testing, manufacture, labeling, packaging, warning, or instructions for the use of the product and, therefore, a rebuttable presumption exists that the product was not unreasonably dangerous.

**FIFTH DEFENSE**

The design, testing and labeling of the subject product was in conformity with the prevailing state of the art in the industry at the time the product was first sold.

**SIXTH DEFENSE**

Defendants may be entitled to a set-off in the event Plaintiffs have received payment from any source relating to the subject accident.

**SEVENTH DEFENSE**

Plaintiffs' claim for punitive damages against Defendants cannot be sustained because an award of punitive damages based on anything other than Defendants' conduct in this State in connection with the sale of the subject product, or without proof beyond a reasonable doubt, or without the safeguards of the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, would violate Defendants' right to due process and equal protection under the Constitutions of the United States and this State.

WHEREFORE, Defendants Dorel Juvenile Group, Inc. and Cosco, Inc. ask that the

Complaint be dismissed, that judgment be entered in their favor, and that they be awarded their costs.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

*/THOMAS P. BRACAGLIA/*

By: _____

THOMAS P. BRACAGLIA, ESQUIRE
Attorney ID #32330

Attorney for Defendant
DOREL JUVENILE GROUP, INC.
1845 Walnut Street
Philadelphia, PA  19103
(215) 575-2676
tbracaglia@mdwcg.com

DATED:  October 4, 2007

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas P. Bracaglia, Esquire, do hereby certify that I mailed Defendants' Answer to

Plaintiff's Complaint to all parties by first class mail on the below listed date at the following

address:


Jaime D. Jackson, Esquire
ATLEE HALL & BROOKHART, LLP
8 N. Queen Street
P.O. Box 449
Lancaster, PA  17608-0449


                                        */THOMAS P. BRACAGLIA/*
                                        _____
                                        THOMAS P. BRACAGLIA, ESQUIRE
                                        Attorney Identification No.:  32330
                                        1845 Walnut Street, 21st Floor
                                        Philadelphia, PA  19103
                                        (215) 575-4558

                                        Attorney for Defendants, Cosco, Inc. and
                                         Dorel Juvenile Group, Inc.


Dated: _____