IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN E. WALTMAN, Individually and As Parent and as Natural Guardian of ETHAN WALTMAN, a Minor, and in his own right, <br>　　　　　　Plaintiff <br>vs. <br><br>DOREL JUVENILE GROUP, INC. <br>　　　　　　Defendant | CIVIL ACTION <br><br><br><br><br><br>NO. 07-04029 |

MEMORANDUM OPINION AND ORDER

GOLDEN, J.                                                                 AUGUST 26, 2009

  This products liability action was originally filed by Plaintiff in the Court of Common Pleas of Philadelphia County, then removed by Defendant to this Court on September 25, 2007. The Complaint alleges that the minor-plaintiff suffered catastrophic injuries when the vehicle in which he was a passenger struck a tree and the car seat manufactured by the Defendant failed to adequately restrain the minor-plaintiff. Presently before the Court is the Motion of the Defendant for a Stay. For the reasons which follow, the motion is granted.

  It is undisputed that minor-plaintiff's mother, who was driving the vehicle, was insured by Progressive Insurance Company ("Progressive") and her policy carried a $15,000 liability limit. Minor-plaintiff's father, Benjamin Waltman ("Waltman"), subsequently reached a settlement for the limits of the policy with Progressive and in the course of effectuating the settlement, signed a general release of liability. The terms of the Release released both Progressive and "all other persons or organizations" for any claims arising by Plaintiff out of the accident. On November 19, 2007, the

Court of Common Pleas of Lancaster County approved Waltman's settlement with Progressive, without knowledge of the case sub judice.

Meanwhile, on December 21, 2007, Defendant submitted its First Set of Interrogatories and First Set of Requests for Production to Plaintiff in this action.. The discovery requests sought, inter alia, information and documents concerning the terms of any settlements arising out of the accident. On January 31, 2008, Plaintiff responded that there were no such settlements.[1] On January 8, 2009, almost one year later, Plaintiff's counsel produced supplemental discovery responses which, for the first time, admitted the existence of the earlier settlement [2]

On February 11, 2009, Plaintiff filed in the Court of Common Pleas of Lancaster County, an Emergency Petition to Set Aside the Settlement and void the release. Defendant sought leave to intervene. By Memorandum Opinion dated June 4, 2009, the Court of Common Pleas of Lancaster County granted Defendant's Motion for Leave to intervene, but also granted the Plaintiff's motion to rescind the release. See Exhibit 1 to Defendant's Motion for a Stay. Specifically, the Court found, inter alia, that Defendant could not enforce the Release because Plaintiff and Progressive wanted to reform it, and because Defendant was not a vested beneficiary, but rather merely an incidental beneficiary to its original form. Id. On June 8, 2009, Defendant filed its Notice of Appeal to the Superior Court of Pennsylvania. See Exhibit 2 to Defendant's Motion for a Stay.

Defendant requests that the Court stay this action, pending resolution of the Pennsylvania state appellate proceedings because "neither Defendant nor the Court should be forced

---

[1] It appears that Plaintiff's counsel had no knowledge at the time that Waltman had signed a release with Progressive.

[2] Although Progressive apparently provided Defendant with a copy of its file which included a copy of the release signed by Benjamin Waltman, Defendant understandably asserts that it never searched the filed for said release, given Waltman's assertions that no such release existed.

to endure the expense and burden of a multi-week trial which could very well be for naught." Defendant's Motion for a Stay at 2. Plaintiff opposes the request to continue the stay, claiming a prolonged stay would be highly prejudicial to the minor-plaintiff who is in desperate need of critical medical attention.

Whether or not an action should be stayed is up to the broad discretion of the district court.

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis v. North American Co., 299 U.S. 248, 254-55 (1936)(Cardozo, J.). In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues. Bechtel Corp. v. Local 215, Laborers' Intern. Union of North America, AFL-CIO, 544 F.2d 1207, 1216 (3d Cir. 1976).

During a conference call on June 15, 2009, Plaintiff's counsel admitted that if the release is ultimately held by the state courts to be valid, it would be dispositive of the issues in this case. While ever cognizant of the predicament of the minor-plaintiff, the Court will not waste the inordinate amount of time, effort and money that will be necessary to resolve the myriad of pre-trial motions that have been filed in this matter, not to mention the expected lengthy trial itself, only to later find out the release was dispositive of the entire case. It bears repeating that Plaintiff himself is responsible for much of any delay that will result since he denied in his answers to written interrogatories that a release even existed, even though he had signed it just two months earlier. The Court notes that all fact and expert discovery have been completed and the parties recently filed a flurry of pre-trial motions. Since discovery has already been completed, this case can be immediately listed for trial once the validity of the release is resolved in state court. While the Court cannot predict with certainty how the Superior Court and/or Supreme Court of Pennsylvania

3

will rule, the possibility that either court may rule that the release is valid, a ruling that would be dispositive of this entire case, is sufficient justification to warrant the stay.