IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PENNSYLVANIA TRUST COMPANY, Guardian of the Estate of Ethan Waltman, a Minor, Plaintiff, | : : : : : | CIVIL ACTION |
| v. | : : | |
| DOREL JUVENILE GROUP, INC., Defendant. | : : | No. 07-4029 |

# ORDER

AND NOW, this **25th** day of **August, 2011**, upon consideration of the parties' motions in limine, all responses thereto, the parties' supplemental briefing and position statements, following a hearing and teleconferences with counsel, and for the reasons stated in this Court's Memorandum dated August 25, 2011, it is hereby **ORDERED** that the parties' motions are **GRANTED in part** and **DENIED in part**, as follows:

1. Plaintiff's Motion to Preclude Defendants from Arguing or Suggesting that Removing Ethan Waltman from the Vehicle Worsened Ethan Waltman's Injuries (Document No. 121) is **DENIED without prejudice**;

2. Plaintiff's Motion to Preclude Defendants from Arguing or Presenting Testimony at Trial that Ethan's Mother, Kimberly Waltman, was Negligent, or that Her Conduct Played a Role in Causing Ethan's Injuries (Document No. 122) is **DENIED without prejudice**;

3. Plaintiff's Motion to Preclude Defendants from Alleging or Inferring that Rebecca Polson was Negligent (Document No. 123) is **DENIED without prejudice**;

4. Plaintiff's Motion to Limit the Opinion Testimony of Defense Expert William

       Van Arsdell, Ph.D., (Document No. 124) is **DENIED**;

5. Plaintiff's Motion to Preclude Defense Expert Catherine Ford Corrigan, Ph.D., from Offering Opinions as to the Cause of Ethan's Brain Injury at Trial (Document No. 126) is **DENIED**;

6. Plaintiff's Motion to Preclude Evidence of Compliance with Federal Motor Vehicle Safety Standards (Document No. 127) is **DENIED without prejudice**;

7. Plaintiff's Motion to Preclude the Criminal Histories of Benjamin and Kimblery Waltman (Document No. 128) is **DENIED** as follows:

    a. Dorel may introduce evidence of Benjamin Waltman's convictions, within the bounds of Federal Rule of Evidence 609.

    b. Dorel may inquire into Kimberly Waltman's reputation for truthfulness and introduce opinion or reputation evidence on this topic, within the bounds of Federal Rule of Evidence 608.

8. Plaintiff's Motion to Preclude Evidence of Dissimilar Accident and Statistical Summaries (Document No. 129) is **DENIED**;

9. Plaintiff's Motion to Exclude Defense Experts' Testimony Concerning Neck Load Measurements and Neck Injury Criteria Measured by Child Test Dummies in Testing (Document No. 130) is **DENIED**;

10. Defendant's Motion to Exclude Evidence of Foreign Standards, Regulatory Actions or Product Labeling (Document No. 131) is **GRANTED**;

11. Defendant's Motion to Exclude Commentary of Non-Expert Advocates (Document No. 132) is **DENIED without prejudice**;

12. Defendant's Motion to Exclude Analysis and Opinions From Publications by Non-Testifying Experts (Document No. 133) is **DENIED without prejudice**;

13. Defendant's Motion to Exclude Media Commentary of Dorel Juvenile Group (Document No. 134) is **DENIED without prejudice**;

14. Defendant's Motion to Preclude Reference to Irrelevant Alleged Defects or Testing (Document No. 135) is **GRANTED**.

15. Defendant's Motion to Exclude Evidence of Fines, Notices and Recalls Concerning Unrelated DJG Products (Document No.136) is **DENIED as moot**;

16. Defendant's Motion to Exclude Evidence of Design or Seat Performance Post-Dating Date of Manufacture (Document No. 137) **is DENIED without prejudice**;

17. Defendant's Motion to Preclude References to Other Accidents, Claims and Lawsuits (Document No. 138) is **GRANTED in part** and **DENIED in part**, as follows:

    a. The Motion is **GRANTED** with respect to evidence of other jury verdicts against Dorel.

    b. The Motion is otherwise **DENIED without prejudice**.

18. Defendant's Motion to Exclude Evidence of Lawsuits or Verdicts Against DJG (Document No. 139) is **GRANTED in part** and **DENIED in part**, as follows:

    a. The Motion is **GRANTED** with respect to evidence of other jury verdicts against Dorel.

    b. The Motion is otherwise **DENIED without prejudice**.

19. Defendant's Motion to Exclude Hospital Photographs of Ethan Waltman

(Document No. 140) is **DENIED without prejudice**.

20. Defendant's Motion to Exclude Evidence of Medical Providers' Bills or Costs and to Require Usage of Medicaid Billing Rates for Future Medical Damages (Document No. 141) is **GRANTED in part** and **DENIED in part**, as follows:

    a. The Motion is **GRANTED** with respect to past medical bills.

    b. The Motion is **DENIED** with respect to the application of Medicaid reimbursement rates for calculating future damages.

21. Defendant's Motion to Exclude Evidence of Dorel Juvenile Group's Assets or the Expense of Generating Evidence and Certain References to Defense Counsel (Document No. 142) is **GRANTED in part** and **DENIED in part**, as follows:

    a. The Motion is **GRANTED** with respect to Plaintiff's references to defense counsel and Defendant's litigation costs.

    b. The Motion is **DENIED** with respect to Plaintiff's use of evidence of Dorel's assets for the purpose of establishing punitive damages.

22. Defendant's Motion to Exclude References to DJG's Decision to Cease Production of the Grand Explorer (Document No. 143) is **GRANTED**.

23. Defendant's Motion Regarding Spoliation Instructions (Document No. 190) is **DENIED as moot**.

BY THE COURT:

_____
**Berle M. Schiller, J.**